UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PEDRO ALARCON,

                    Plaintiff,

          -against-                        MEMORANDUM AND ORDER
                                           09-CV-907 (JS)(AKT)

M.D.C. BROOKLYN, CONSULAR GARCIA,

                    Defendants.
-----------------------------------X
Appearances:
For Plaintiff:      Pedro Alarcon, Pro Se
                    120 Menahan Street
                    Brooklyn, NY 11221

For Defendants:     No appearances

SEYBERT, District Judge:

          Pending before the Court is the Complaint of pro se

Plaintiff Pedro Alarcon ("Plaintiff") brought pursuant to 42 U.S.C.

§ 1983 ("Section 1983"), accompanied by an application to proceed

in forma pauperis. For the reasons discussed herein, the

application is GRANTED, but the Complaint is DISMISSED without

prejudice.

BACKGROUND

          Plaintiff submits his Complaint on a standard 42 U.S.C.

§ 1983 (Prisoner Complaint) form.  In his brief "Statement of

Claim" section, Plaintiff writes, "I did get my property and

money", "I made a mistake in life I got stressed out for what I

did", and "Because I was feeling guilty for baby [illegible word]

born with drug in the body." (Compl. ¶ 2.)  Under the "Exhaustion

of Administrative Remedies Section," he states "I did not get any

paper slip to get my money or property," and "to claim my property and my money." (Id. ¶ E.)  In the "Relief" section, Plaintiff writes, "I live on a fix income I want Consular Garcia to help me get my money and property." (Id. ¶ 5.)

For the reasons set forth below, to the extent Plaintiff wishes to file a Complaint pursuant to 42 U.S.C. § 1983, his claims are dismissed without prejudice for failure to comply with Rule 8 of the Federal Rule of Civil Procedure.  To the extent Plaintiff is seeking to file a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking return of items of property, he is directed to amend his pleadings to make his intention clear.

DISCUSSION

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.  <u>Application of the Prison Litigation Reform Act and Federal Rule of Civil Procedure Rule 8</u>

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary

relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999). Nevertheless, to the extent that Plaintiff seeks to file a Complaint pursuant to 42 U.S.C. § 1983, the Court finds that the Complaint must be dismissed because the cause of action against the Defendants is not sufficiently pled with specificity to meet the pleading requirements of Rule 8(a).

Notwithstanding the liberal pleading standards, all

complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

When a complaint fails to comply with the requirements of Rule 8, district courts have the authority to dismiss the complaint sua sponte. See Salahuddin, 861 F.2d at 42; see also Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts have the authority to dismiss frivolous actions sua sponte "in order to preserve scarce judicial resources.") "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well

4

disguised." <u>Salahuddin</u>, 861 F.2d at 42.

III.  <u>42 U.S.C. § 1983</u>

Plaintiff purports to bring this action pursuant to Section 1983. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 924, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); <u>Dwares v. New York</u>, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds).

Applying these standards to the case at hand, and according Plaintiff's Complaint a liberal construction, <u>see</u> <u>Hughes</u>, 449 U.S. at 9, the Court finds that Plaintiff's claims against Defendants do not meet the requirements of Rule 8. Plaintiff's Complaint fails to allege how the Defendants violated his constitutional rights, when they violated his constitutional rights, or how he has been damaged. Moreover, the Court is

completely unable to identify any arguments from the Complaint.

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1987). A complaint based on a violation under Section 1983 that does not allege the personal involvement of the defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

A defendant may be personally involved in a constitutional deprivation within the meaning of Section 1983 if he "directly participated in the infraction," or if he is a supervisory official, and he (1) failed to remedy the wrong after learning of the violation through a report or appeal; (2) created or continued a custom or policy under which unconstitutional practices occurred; or (3) was grossly negligent in managing subordinates who caused the unlawful condition or event. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).

Plaintiff fails to allege or indicate any personal involvement or specific misconduct of any of the Defendants.

Accordingly, to the extent that Plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983, the Complaint is DISMISSED, and Plaintiff is granted leave to amend the Complaint to cure these defects. <u>See Salahuddin</u>, 861 F.2d at 42 (holding that a district court abuses its discretion when it dismisses a complaint for failure to comply with Rule 8 but does not grant leave to amend).

IV. <u>Rule 41(g) of the Federal Rules of Criminal Procedure</u>

Liberally construing <u>pro se</u> Plaintiff's 42 U.S.C. § 1983 Complaint to possibly allege a claim for the return of seized property, Plaintiff is directed to amend his pleadings to clearly state his intention. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Cr. P. 41(g). To the extent Plaintiff seeks the return of property, he is directed to caption his amended pleadings as "Motion for Return of Property." Such pleading should detail what property was seized, when and where it was seized, and by whom.

CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that Plaintiff's request to proceed <u>in forma</u>

<u>pauperis</u> is hereby GRANTED; and it is further

ORDERED, that the superintendent of the facility in which the Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that Plaintiff's Complaint is DISMISSED without prejudice and with leave to amend by August 30, 2009; and it is further

ORDERED, that if Plaintiff fails to submit an Amended Complaint by August 30, 2009, the Complaint will be dismissed with prejudice, and the case will be closed. Any amended complaint should be captioned "Amended Complaint" and bear the same docket number as listed above. To the extent Plaintiff seeks the return

8

of property, he is directed to caption his amended pleadings as "Motion for Return of Property."

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated:     July  20 , 2009
           Central Islip, New York